# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DAWN E. DEBOER LAPOLE,<br>　　　　Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO.: 2:17-CV-24-PRC |
| | ) |
| NANCY A. BERRYHILL,<br>Deputy Commissioner for Operations,<br>Social Security Administration,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>) |

## **OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 26], filed by Plaintiff Dawn E. Deboer Lapole on May 9, 2018.

On January 20, 2017, Plaintiff filed a Complaint seeking judicial review of the Commissioner's decision to deny her disability insurance benefits and supplemental security income. On June 27, 2017, Plaintiff filed an Opening Brief. On August 7, 2017, the Commissioner filed a response. On August 28, 2017, Plaintiff filed a reply. The Court granted Plaintiff's request for remand to the agency on February 14, 2018.

In the instant Motion for Attorneys' Fees, Plaintiff seeks fees under the Equal Access to Justice Act ("EAJA") in the amount of $11,637.39 for 58.5 attorney hours at an hourly rate of $196.66 and 1.4 legal assistant hours at an hourly rate of $95.00.

On May 17, 2018, Defendant filed a response brief in opposition to Plaintiff's fee request, opposing the number of hours as unreasonable and also opposing the hourly rate. Plaintiff filed a reply on May 23, 2018. In the reply brief, Plaintiff requests an additional 1.5 hours of attorney time at $196.66 per hour for preparation of that brief. In total, the amount requested is $11,932.60.

First, Plaintiff bears the burden of demonstrating that the requested hours are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Counsel for the prevailing party should make a good-faith effort to exclude excessive, redundant, or otherwise unnecessary hours. *Id*. at 434; *see also Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008) ("When calculating an EAJA award, we must exclude hours that were not reasonably expended and we may reduce the amount of the award accordingly." (internal quotation marks omitted) (quoting *Hensley*, 461 U.S. at 434 and citing 28 U.S.C. § 2412(d)(1)(C))). The amount of the fee award is a matter of discretion for the Court because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley*, 461 U.S. at 437.

Plaintiff correctly identifies that courts within the Seventh Circuit Court of Appeals have found a reasonable number of hours for work on a social security appeal to range from 40-60 hours. *See, e.g.*, *Copeland v. Astrue*, No. 2:11-CV-363, 2012 WL 4959482, at *2 (N.D. Ind. Oct. 17, 2012) (citing cases); *Schulten v. Astrue*, No. 08 C 1181, 2010 WL 2135474, at *6 (N.D. Ill. May 28, 2010) (citing cases). Plaintiff further supports the number of hours claimed by arguing that she raised numerous legal issues in this case, which required a detailed factual assessment of the administrative record, and that she spent significant time responding to Defendant's many arguments raised in the response brief on the request to remand.

Defendant counters that the issues involved in this case were neither novel nor unique and that the administrative record was not "excessively long." Defendant suggests that the number of hours claimed for preparing the opening brief—36 hours—should be reduced to 20 hours. Defendant similarly argues that the 16 hours claimed for the reply brief should be reduced to 8 hours, as the issues in the reply brief were the same issues presented in the opening brief. Defendant also asserts

that Plaintiff has not justified the time spent by Attorney Schultz in drafting a memorandum in this case.

Though the legal issues presented in this Social Security case may be frequently raised, the facts that apply to those legal matters are unique to each case. Plaintiff's medical history, testimony, and other evidence of record are entirely her own and have not been seen in this exact combination before. Though the 644- page administrative record is not the longest record that has been before this Court, it is also not the shortest, and 644 pages of material necessarily take time to review. The Court finds that Plaintiff has justified the number of hours spent on the opening brief.

Though the underlying issues may be the same in the opening brief and the reply brief, Plaintiff, in her reply, responded to Defendant's arguments raised in the response. Without a clearer or more precise argument for reducing the hours spent on the reply brief, the Court discerns no reason to reduce the number of hours by half.

Finally, Plaintiff represents that the normal practice in her counsel's office is for a senior attorney to do an initial review of a case to identify the issues to be raised and to prepare a general outline so that less experienced attorneys focus their energy on relevant issues and draft well-organized briefs. The itemization of time reports that Attorney Schultz spent 1.5 hours drafting the memorandum. This Court finds this time to be reasonably expended and not excessive.

Second, there is a statutory cap of an hourly rate of $125.00 for reasonable attorney fees under the EAJA, established in March 1996. 28 U.S.C. § 2412(d)(2)(A)(ii). However, the statute allows for a cost of living adjustment when "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id*. "Courts should generally award the inflation-adjusted rate

according to the [Consumer Price Index], using the date on which the legal services were performed." *Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015). It is within the Court's discretion to choose between the U.S. City Average and a regional rate. *See Wright v. Berryhill*, 1:14cv8163, 2017 WL 2588218, at * 2 (N.D. Ill. June 14, 2017); *see also Sprinkle*, 777 F.3d at 428 n. 2. In this case, Plaintiff requests compensation at $196.66 per hour for attorney time, the national rate under the Consumer Price index for June 2017, the month in which the majority of legal work was performed by counsel. Defendant requests that the rate be reduced to $189.34, the Chicago region rate for the same time period. Plaintiff has provided the affidavits of attorneys who provide similar services. These affidavits support a finding that an hourly rate of $196.66 is reasonable. The Court finds that Plaintiff's requested hourly rate is commensurate with counsels' and counsels' firm's experience. For all these reasons, and contrary to the Commissioner's assertion that the hourly rate should be based only on the Chicago region market, the Court finds the hourly rate of $196.66 for the attorney work provided in June 2017 is appropriate.

Having reviewed the fee petition, the Court finds that the number of hours and the hourly rates to be reasonable and not excessive in light of the facts and circumstances of this case and consistent with the range of fee requests in social security litigation before this Court.

## CONCLUSION

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 26] and **ORDERS** that Plaintiff is awarded attorney fees in the total amount of $11,932.60 in fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. If the Government determines that Plaintiff does not owe a pre-existing debt subject to offset, the

Commissioner shall direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and his counsel.

So ORDERED this 24th day of May, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT